IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **MEGHAN FARRELL,** | ) | |
| | ) | 1:20-cv-03630 |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **WEBBANK CORPORATION and** | ) | |
| **POPULAR BANK,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## CLASS ACTION COMPLAINT

NOW COMES the plaintiff, MEGHAN FARRELL (hereinafter, "Plaintiff"), by and through her attorneys, SMITHMARCO, P.C., and in her Complaint against the defendants, WEBBANK CORPORATION and POPULAR BANK (hereinafter "Defendant"), Plaintiff alleges as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §1691, *et seq*.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the ECOA, 15 U.S.C. §1691e(f) and pursuant to 28 U.S.C. §§1331, 1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b): a) Plaintiff resides here; b) the acts and transactions occurred here; and c) Defendant transacts business here.

### III. PARTIES

4. MEGHAN FARRELL, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Chicago, County of Cook, State of Illinois.

5. At all relevant times, Plaintiff was an "applicant" as that term is defined by 15 U.S.C. §1691a(b).

6. Defendant, WEBBANK CORPORATION, (hereinafter, "Webbank") is a bank regulated by the Federal Deposit Insurance Corporation and that has its corporate office in Salt Lake City, UT. Defendant does business in State of Illinois.

7. Webbank underwrites loans that are offered to consumers and the general public by LendingClub Corporation. LendingClub Corporation offers to originate loans to consumers, however, the loans are actually made by Webbank.

8. Defendant, POPULAR BANK, (hereinafter, "Popular") is a bank regulated by the Federal Deposit Insurance Corporation and that has its corporate office in Miami Lakes, FL. Defendant does business in State of Illinois. [Both Webbank and Popular may hereinafter be collectively referred to as "Defendants"].

9. At all relevant times, Defendants each acted as a "creditor" as that term is defined by 15 U.S.C. §1691a(e).

### IV. ALLEGATIONS

### COUNT I –
#### VIOLATIONS OF THE ECOA VS. WEBBANK

10. Prior to February 4, 2020, Plaintiff applied for a loan to LendingClub Corporation in the amount of $9,200.

11. The loan from LendingClub Corporation was to be provided by and underwritten by Webbank.

12. On February 4, 2020, LendingClub Corporation sent correspondence to Plaintiff which advised that the loan was being denied.

13. The February 4, 2020 correspondence from LendingClub Corporation was being provided on behalf of Webbank. A true and exact copy of said correspondence is attached hereto as **Exhibit A**.

14. In the correspondence attached as Exhibit A, LendingClub Corporation, on behalf of Webbank, stated, *inter alia*:

> "We are sorry we cannot approve your loan request for these reasons:
>
> - Too recent since last credit inquiry.
> - There is not enough information on your account history to evaluate your credit profile.
> - Your credit experience does not support the loan amount you requested.
> - You have not paid down enough of your balances on one or more of your accounts."

15. The aforesaid correspondence attached as Exhibit A described an "adverse action," as that term is defined by 15 U.S.C. §1691(d)(6), that was being taken against Plaintiff by Webbank.

16. In the correspondence attached as Exhibit A, LendingClub Corporation, on behalf of Webbank, stated that Plaintiff's credit score as of February 2020 was 709.

17. In the correspondence attached as Exhibit A, LendingClub Corporation, on behalf of Webbank, stated that it obtained Plaintiff's credit score and report from Trans Union, LLC. (hereinafter, "Trans Union").

18. Of the aforementioned reasons stated for the reasons for the credit denial, three of them are false, in that they do not reflect the true state of Plaintiff's credit file with Trans Union.

19. A review of Plaintiff's Trans Union credit file would reveal that she has sufficient account history dating back in excess of ten (10) years. Plaintiff has multiple satisfactory accounts

that are reported as opened since 2011, and a few accounts opened prior to 2011, all with a sufficient and positive credit history

20. A review of Plaintiff's Trans Union credit file would reveal Plaintiff has minimal balances owed to any creditors, and in any case, owed less than 10% of all her available credit to her. Most of Plaintiff's accounts carried a zero balance.

21. A review of Plaintiff's Trans Union credit file would reveal she has the credit history and balance history to support a $9,200 loan.

22. A review of Plaintiff's Trans Union credit file would reveal Plaintiff has had a total of four (4) inquiries into her credit in the past two (2) years.

23. In the aforesaid correspondence attached hereto as Exhibit A, LendingClub Corporation, on behalf of Webbank, failed to provide Plaintiff a specific statement of reasons for its action.

24. Any reasons stated in the letter were vague statements of credit that had no direct bearing on Plaintiff's actual credit file and credit standing.

25. By failing to provide Plaintiff with a statement of reasons for its refusal to provide Plaintiff credit, Webbank deprived Plaintiff of information necessary to determine why Webbank took such action. Such information would have allowed Plaintiff to attempt to correct any erroneous information and take measures to improve her credit standing.

26. Pursuant to section 1691(d) of ECOA:

> (2) Each applicant against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor. A creditor satisfies this obligation by –
>
> > (A) providing statements of reasons in writing as a matter of course to applicants against whom adverse action is taken; or

> (B) giving written notification of adverse action which discloses (i) the applicant's right to a statement of reasons within thirty days after receipt by the creditor of a request made within sixty days after such notification, and (ii) the identity of the person or office from which such statement may be obtained. Such statement may be given orally if the written notification advises the applicant of his right to have the statement of reasons confirmed in writing on written request.
>
> (3) A statement of reasons meets the requirements of this section only if it contains the specific reasons for the adverse action taken.

15 U.S.C. § 1691(d)(2).

27. Webbank violated the ECOA. The right to a statement of reasons for adverse action guarantees that consumers are provided with information about the true reasons that a creditor has chosen to decline a consumer credit or negatively change the terms of credit. This requirement helps to ensure that consumers are not discriminated against and provides consumers with information necessary to improve their credit standing, either by alerting them to inaccurate information appearing on their credit reports, or by providing consumers with the specific items included in their credit reports that are hurting their ability to obtain credit. This, in turn, allows consumers to either dispute the inaccurate information to the respective consumer reporting agencies, or work toward improving the items on their credit reports that are most detrimental. In failing to provide Plaintiff with a statement of reasons for its adverse action, Webbank deprived Plaintiff of this vital information.

28. As a result of Webbank's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

29. As a result of the above violations of the ECOA, Webbank is liable to Plaintiff for actual damages, punitive damages, attorneys' fees and costs.

WHEREFORE, Plaintiff, MEGHAN FARRELL prays for judgment as follows:

    a. Finding that Webbank violated the Equal Credit Opportunity Act;

    b. Enter judgment in favor of Plaintiff and against Defendant, for actual and punitive damages, costs, and reasonable attorneys' fees as provided by §1691e of the ECOA; and,

    c. Awarding Plaintiff any other relief deemed appropriate by this Honorable Court.

## COUNT II –
### VIOLATIONS OF THE ECOA VS. POPULAR

30. Prior to February 4, 2020, Plaintiff applied for a loan with Popular through its "Eloan" division.

31. On February 4, 2020, Popular sent correspondence to Plaintiff which advised that the loan was being denied.

32. The February 4, 2020 correspondence advised Plaintiff if she wished to obtain a statement of specific reasons why she was being denied, she could contact the Application Review Manager within sixty (60) days of her receipt of the correspondence.

33. Plaintiff made a request to the Application Review Manager within the sixty (60) day period.

34. Plaintiff received a response from Popular on May 13, 2020 via email.

35. A true and exact copy of said e-mail correspondence is attached hereto as **Exhibit B**.

36. In the correspondence attached as Exhibit B, Popular stated, *inter alia*:

> "We are sorry we cannot approve your loan request for these reasons:
> - Not enough available credit on active or open bankcard accounts.
> - Not enough mortgage debt experience.
> - Too few satisfactory accounts.
> - Change of indebtedness on non-mortgage accounts."

37. The aforesaid correspondence attached as Exhibit B described an "adverse action," as that term is defined by 15 U.S.C. §1691(d)(6), that was being taken against Plaintiff by Popular.

38. In the correspondence dated February 4, 2020, wherein Popular initially denied Plaintiff's application, Popular stated that Plaintiff's credit score as of February 4, 2020 was 709.

39. In the correspondence attached as Exhibit A, Popular stated that it obtained Plaintiff's credit score and report from Trans Union, LLC. (hereinafter, "Trans Union").

40. Of the aforementioned reasons stated for the reasons for the credit denial, three of them are false, in that they do not reflect the true state of Plaintiff's credit file with Trans Union.

41. A review of Plaintiff's Trans Union credit file would reveal that she has most of her credit on bankcard accounts available to her. In fact, so few, if any have any balance at all. Most of Plaintiff's revolving accounts have had a zero balance.

42. A review of Plaintiff's Trans Union credit file would reveal that all of Plaintiff's accounts are satisfactory. Plaintiff has a credit history dating back in excess of ten (10) years, and each account that appeared in her credit file in February of 2020 was satisfactory.

43. In the aforesaid correspondence attached hereto as Exhibit B, Defendant failed to provide Plaintiff a specific statement of reasons for its action.

44. The term "change of indebtedness" for her non-mortgage account is a vague, undefined term that has no real meaning nor bearing on Plaintiff's credit file. All of Plaintiff's accounts are "non-mortgage" and there have been no changes of indebtedness, except perhaps to lower her debt amount.

45. Any reasons stated in the letter were vague statements of credit that had no direct bearing on Plaintiff's actual credit file and credit standing.

46. By failing to provide Plaintiff with a statement of reasons for its refusal to provide Plaintiff credit, Popular deprived Plaintiff of information necessary to determine why Popular took

such action. Such information would have allowed Plaintiff to attempt to correct any erroneous information and take measures to improve her credit standing.

47. Pursuant to section 1691(d) of ECOA:

> (2) Each applicant against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor. A creditor satisfies this obligation by –
>
>> (A) providing statements of reasons in writing as a matter of course to applicants against whom adverse action is taken; or
>>
>> (B) giving written notification of adverse action which discloses (i) the applicant's right to a statement of reasons within thirty days after receipt by the creditor of a request made within sixty days after such notification, and (ii) the identity of the person or office from which such statement may be obtained. Such statement may be given orally if the written notification advises the applicant of his right to have the statement of reasons confirmed in writing on written request.
>
> (3) A statement of reasons meets the requirements of this section only if it contains the specific reasons for the adverse action taken.

15 U.S.C. § 1691(d)(2).

48. Popular violated the ECOA. The right to a statement of reasons for adverse action guarantees that consumers are provided with information about the true reasons that a creditor has chosen to decline a consumer credit or negatively change the terms of credit. This requirement helps to ensure that consumers are not discriminated against and provides consumers with information necessary to improve their credit standing, either by alerting them to inaccurate information appearing on their credit reports, or by providing consumers with the specific items included in their credit reports that are hurting their ability to obtain credit. This, in turn, allows consumers to either dispute the inaccurate information to the respective consumer reporting agencies, or work toward improving the items on their credit reports that are most detrimental. In

failing to provide Plaintiff with a statement of reasons for its adverse action, Popular deprived Plaintiff of this vital information.

49. As a result of Popular's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

50. As a result of the above violations of the ECOA, Popular is liable to Plaintiff for actual damages, punitive damages, attorneys' fees and costs.

WHEREFORE, Plaintiff, MEGHAN FARRELL prays for judgment as follows:

    d. Finding that Popular violated the Equal Credit Opportunity Act;

    e. Enter judgment in favor of Plaintiff and against Popular, for actual and punitive damages, costs, and reasonable attorneys' fees as provided by §1691e of the ECOA; and,

    f. Awarding Plaintiff any other relief deemed appropriate by этот Honorable Court.

### VII. JURY DEMAND

51. Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,
**MEGHAN FARRELL,**

By:   s/ David M. Marco
      Attorney for Plaintiff

Dated: June 19, 2020

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithmarco.com